IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| THE PRUDENTIAL INSURANCE COMPANY OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | CASE NO. 3:26-cv-69-ECM [WO] |
| DEMETRIA WEBSTER, *et al.*, | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION and ORDER**

## I. INTRODUCTION

The Plaintiff, the Prudential Insurance Company of America ("Prudential"), brings this interpleader action against Defendants Demetria Webster ("Ms. Webster"), Treyveriol Evans, Shannon Evans Jr., Teontia Evans, and J.E.[1] (collectively, "the Defendants") to determine the proper beneficiaries of decedent Shannon Evans' life insurance policy. (Doc. 1 at 1–2, paras. 2–6; *id.* at 4, para. 12).[2] The life insurance benefits consist of $50,000 in "basic life insurance" and $200,000 in "optional term life insurance benefits" totaling $250,000.[3] (Doc. 1 at 4, para. 12).

[1] Defendant J.E. "is a minor who is domiciled in Alabama. J.E. is the son of [the] [i]nsured and is a putative beneficiary of the life insurance proceeds at issue in this action." (Doc. 1 at 2, para. 6).

[2] For clarity, the Court refers to the document and page numbers generated by CM/ECF.

[3] Prudential refers to the total amount at stake—$250,000—as Shannon Evans' "Death Benefit." (Doc. 1 at 4, para. 12). The Court will refer to the disputed amount as "life insurance benefits."

Ms. Webster "asserts that she is entitled to the life insurance proceeds as the lawful spouse of" Shannon Evans. (Doc. 14 at 2). Prudential "claims no title to or interest in the" life insurance benefits and seeks to deposit those funds into the Court's registry. (Doc. 1 at 5, para. 21; *id.* at 6, para. 23). Prudential also asks the Court to award attorney fees and costs necessitated by bringing this interpleader action. (*Id.* at 7, para. G). As such, before the Court is the Plaintiff's motion for appointment of a guardian ad litem and for deposit of funds. (Doc. 21).

## II. LEGAL STANDARDS

### A. Motion to Deposit Funds

Under Federal Rule of Civil Procedure 67(a):

> [i]f any part of the relief sought is a money judgment or the disposition of a sum of money . . . a party . . . on notice to every other party and by leave of court . . . may deposit with the court all or part of the money . . . whether or not that party claims any of it.

FED. R. CIV. P. 67(a). "The 'core purpose' of the rule is to 'relieve a party who holds a contested fund from responsibility for disbursement of that fund among those claiming some entitlement thereto.'" *Albert v. Am. Fam. Ins. Co.*, 739 F. App'x 607, 611 (11th Cir. 2018) (per curiam)[4] (quoting *Zelaya/Cap. Int'l Judgment, LLC* v. *Zelaya*, 769 F.3d 1296, 1302 (11th Cir. 2014)).

"Any money paid into the Court under Rule 67 'must be deposited and withdrawn in accordance with 28 U.S.C. §§ 2041 and 2042 and any like statute.'" *Klayman v. Jud.*

[4] The Court here, and elsewhere in this Opinion, cites to nonbinding authority. While the Court recognizes that these cases are not precedential, the Court finds them persuasive.

*Watch, Inc.*, 650 F. App'x 741, 743 (11th Cir. 2016) (per curiam) (citing FED. R. CIV. P. 67(b)). Under § 2041, "[a]ll moneys paid into any court of the United States . . . shall be forthwith deposited with the Treasurer of the United States or a designated depositary, in the name and to the credit of such court." 28 U.S.C. § 2041. Further, "[n]o money deposited under section 2041 of this title shall be withdrawn except by order of court." 28 U.S.C. § 2042.

**B. Motion to Appoint guardian ad litem**

"'It is well established that 'the appointment of a guardian ad litem is a procedural question controlled by Rule 17(c) of the Federal Rules of Civil Procedure.'" *Burke v. Smith*, 252 F.3d 1260, 1264 (11th Cir. 2001) (alteration adopted) (citing *Roberts v. Ohio Cas. Ins. Co.*, 256 F.2d 35, 38 (5th Cir. 1958)).[5] Rule 17(c) provides in part: "[t]he court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." FED. R. CIV. P. 17(c).

"Rule 17(c) does not make the appointment of a guardian ad litem mandatory." *Roberts*, 256 F.2d at 39. "[U]nless a conflict of interest exists between the representative and minor, a district court need not even consider the question whether a guardian ad litem should be appointed." *Burke*, 252 F.3d at 1264. However, "[w]here it is evident that a conflict of interest exists between [a] parent and minor, however, the district court has a duty to determine whether a guardian ad litem is needed." *Id.*

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981.

## III. DISCUSSION

First, the Court will analyze Prudential's motion to deposit the life insurance benefits before examining its request to appoint a guardian ad litem; finally, the Court addresses Prudential's request for attorney fees and costs.

### A. Motion to Deposit Funds

"The decision whether to grant leave to deposit funds into the court registry is a matter within the discretion of the district court." *Advocate Commc'ns Inc. v. Town Found., Inc.*, 2005 WL 8155325, at *7 (S.D. Fla. Mar. 7, 2005). Here, exercising its discretion, the Court finds that Prudential's motion to deposit funds is due to be granted.

As explained above, Prudential "claims no title to or interest in the" life insurance benefits. (Doc. 1 at 5–6, para. 21). Prudential's request falls within the "core purpose" of Rule 67—"'to relieve the depositor of responsibility for a fund in dispute,' such as in an interpleader action." *Gulf States Utils. Co. v. Ala. Power Co.*, 824 F.2d 1465, 1474 (5th Cir. 1987) (citation omitted). Allowing Prudential to deposit the life insurance benefits into the Court's registry, allows this action to move forward and permits the Court to "determine ownership and make disbursements." *Id.*

### B. Motion to Appoint guardian ad litem

Prudential's request to appoint a guardian ad litem for J.E. is well taken. The decedent Shannon Evans' group policy provides that "[a]ny amount of insurance under a [c]overage for which there is no Beneficiary at your death will be payable to the first of the following: [his] (a) surviving spouse or domestic partner; [then to any] (b) surviving child(ren) in equal shares . . . . (Doc. 21 at 3 (first alteration in original) (citing (doc. 1-1 at

55)). Ms. Webster contends that she is "the spouse of [Shannon Evans]" or in the alternative "claims entitlement as the domestic partner of [Shannon Evans]." (Doc. 14 at 2). Ms. Webster is J.E.'s mother. (Doc. 21 at 4; *see also* doc. 10 at 1 (Ms. Webster waiving service on J.E.'s behalf)).

There is a clear conflict between Ms. Webster and J.E. Prudential correctly points out that "[i[f [Ms. Webster] is found to be the spouse or domestic partner of [Shannon Evans], J.E. would not be entitled to a portion of the [life insurance benefits]." (Doc. 21 at 4). Thus, because Ms. Webster and J.E. share an "inherent conflict of interest" the Court will appoint J.E. a guardian ad litem to represent his interests. *Cf. Burke*, 252 F.3d at 1264 (holding that a district court "was not required to consider whether or not the appointment of a guardian ad litem was necessary" when a "mother was a party to the lawsuit and had similar interests" to the minor.).

Because the Court will appoint a guardian ad litem, it must consider whether to allow the guardian ad litem to receive fees for their services. Ordinarily, costs are taxed to the prevailing party, absent a court order to the contrary. FED. R. CIV. P. 54(d). Here, courts appear to differ on the question of from where payment of guardian ad litem fees flow. Courts, in different situations, have ordered that guardian ad litem fees be paid from life insurance proceeds or from the party that initiated the lawsuit. *Compare Harleysville Life Ins. Co. v. Wright*, 2007 WL 748659, at *4 (S.D. Ala. Mar. 8, 2007) (funds deposited in court's registry were distributed to guardian ad litem for services rendered) *with Metro. Life Ins. Co. v. M.E.C.*, 2012 WL 3042076, at *2 (M.D. Ala. July 25, 2012) ("Because MetLife initiated this litigation and required the appointment of a guardian ad litem, the

court concludes that equity w[eigh]s in favor of MetLife paying the guardian ad litem's fees.").

"Ultimately, this decision is left to the discretion of the district court." *Metro Life Ins. Co.*, 2012 WL 3042076, at *2. Exercising that discretion at this stage, the Court will order the parties to brief the issue. The Court now turns to Prudential's request for attorney fees and costs.

**C. Prudential's Request for Attorney Fees and Costs**

In its complaint, Prudential asks the Court to award "reasonable attorney[] fees and costs necessitated by the bringing of this action." (Doc. 1 at 7, para. G). Prudential does not cite a basis for its entitlement to attorney fees and costs.

Attorney fees may be warranted in interpleader actions. *See In re Mandalay Shores Co-op Hous. Ass'n, Inc.*, 21 F.3d 380, 383 (11th Cir. 1994). "In certain circumstances, however, courts have determined that attorneys' fees are not warranted. One of those circumstances . . . is when a stakeholder's interpleader claim arises out of the normal course of business." *Id.* (citing *Prudential Prop. & Cas. Co. v. Baton Rouge Bank & Tr. Co.*, 537 F. Supp. 1147, 1150–51 (M.D. Ga. 1982)). Here, Prudential operates as an insurance company and ordinarily insurance companies "avail[] [themselves] of interpleader to resolve disputed claims to insurance proceeds—disputes that arise with some modicum of regularity." *Id.* Because Prudential has not briefed the issue, the Court will permit Prudential to submit supplemental briefing on its entitlement to attorney fees and costs.

## IV. CONCLUSION

Accordingly, and for good cause, it is

ORDERED as follows:

1. Prudential's motion to deposit funds (doc. 21) is GRANTED to the extent that it is permitted to deposit the disputed life insurance benefits into the Court's registry.

2. **On or before October 19, 2026,** Prudential shall DEPOSIT the life insurance benefits and any accrued claim interest, into the Court's registry, in an interest-bearing account.

3. **On or before October 19, 2026,** Prudential shall file a notice with the Court advising that it has deposited the life insurance benefits with the Court.

4. Prudential's motion to appoint a guardian ad litem (doc. 21) is GRANTED to the following extent:

a. Graham R. Neeley ("Attorney Neeley") is appointed guardian ad litem for J.E.

b. The Clerk of the Court is DIRECTED to arrange for the guardian ad litem to receive a copy of this Order and the entire file in this case. The Clerk of the Court shall email a copy of this Order to Attorney Neeley (gneeley@ball-ball.com).

5. Prudential's motion to appoint a guardian ad litem (doc. 21) is DENIED without prejudice to the extent it sought to award the guardian ad litem fees from the life insurance benefits.

6. **On or before October 19, 2026,** Attorney Neeley shall file a notice of appearance.

7. **On or before November 2, 2026,** Prudential may submit supplemental briefing in support of its request for attorney fees.

8. **On or before November 2, 2026,** the parties shall submit supplement briefing regarding the payment of guardian ad litem fees.

9. The Clerk of the Court shall mail a copy of this Order to each of the Defendants, based on the addresses reflected on the docket.

DONE this 5th day of October, 2026.

/s/ Emily C. Marks
EMILY C. MARKS
UNITED STATES DISTRICT JUDGE